IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
ZURICH AMERICAN INSURANCE     )
COMPANY,                      )
                              )
            Plaintiff,        )
                              )
     v.                       )        1:19CV957
                              )
CASEY'S AUTO SERVICE, INC.,   )
and ASSET RECOVERY SOLUTIONS  )
OF N.C., LLC,                 )
                              )
            Defendants.       )
```

## MEMORANDUM OPINION AND ORDER

**OSTEEN, JR., District Judge**

Before the court is Plaintiff Zurich American Insurance Company's Motion to Dismiss Defendants' Counterclaim pursuant to F.R.C.P. 12(b)(6). (Doc. 12.)

Plaintiff Zurich American Insurance Company ("Zurich") brought this diversity suit against Defendants Casey's Auto Service, Inc. ("Casey's Auto") and Asset Recovery Solutions, LLC ("ARS") for declaratory judgment and unjust enrichment. (Complaint ("Compl." (Doc. 1).) Plaintiff sold commercial insurance policies to Defendant Casey's Auto in 2018 and 2019. (Id. ¶¶ 7, 14.) Plaintiff alleges that Casey's Auto misrepresented its relationship with an entity called "ARS Towing" in order to help Defendant ARS receive coverage under

the 2018 policy. (Id. ¶ 36.) Defendant ARS had previously been insured by Zurich, but Zurich had determined it would no longer insure ARS. (Id. ¶ 13.)

In 2018, Plaintiff issued a policy to Casey's Auto after an insurance application was submitted that "identified Casey's [Auto] as the primary named insured and identified an entity styled 'ARS Towing' as an 'Other Named Insured.' The application contains a notation suggesting that Casey's [Auto] was doing business as 'ARS Towing' at the time of the application." (Id. ¶¶ 9–10.) The 2018 policy covered twenty vehicles. (Id. ¶ 7.) A 2019 insurance application for Defendant Casey's sought coverage for only two vehicles. (Id. ¶ 15.) "Upon information and belief, these two vehicles were the only two vehicles insured under the [2018] Policy that were owned by and titled in Casey's [Auto]' name. Upon information and belief, all remaining vehicles insured by the Policy were owned by and titled in ARS' name." (Id.) Plaintiff alleges there was never a business called "ARS Towing," nor did Defendant Casey's Auto ever do business as "ARS Towing." (Id. ¶ 18.)

Plaintiff seeks a declaratory judgment stating that the 2018 Policy sold to Casey's Auto was void ab initio due to material misrepresentations made by Defendants, and that, as a result, Plaintiff has no obligation to provide coverage under

-2-

the policy. (Id. ¶¶ 39, 42, 44.) Plaintiff also seeks an order directing recoupment of payments made pursuant to claims under the 2018 Policy. (Id. ¶ 46.)

Defendants filed an Answer to the Complaint. (Doc. 11.) In their Answer, Defendants asserted the following counterclaim (Fraud):

> U.S. Code § 1341. Frauds and swindles
>
> Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises
>
> Zurich acted to return premium to Casey's Towing, only to file a claim for money damages against Casey's making fraudulent representations. These false representations were made to this honorable court in the present claim and is intended to obtain money from Casey's Towing by means of fraudulent pretenses.
>
> Zurich, by way of insurance agent, insured Casey's Towing as well as ARS Towing. When ARS was having difficulty finding coverage, the agent wrote a policy to insure ARS as a subsidiary of Casey's Towing. There is no evidence that representatives from Casey's Towing were aware of the change. What is evident, is that the same agent of Zurich, wrote all of the policies in question; Therefore, Zurich knew or should have known that Casey's Towing and ARS were separate entities. Moreover, this makes the claim filed by Plaintiff, erroneous.

(Id. at 6 (punctuation and format as in original).)

Plaintiff filed its Motion to Dismiss Defendants' Counterclaim for failure to state a claim on December 5, 2019. (Doc. 12.) Plaintiff filed a supporting brief on the same day.

-3-

(Doc. 13.) Defendants have not responded to Plaintiff's motion, nor have Defendants requested any extensions of time to respond. The time for Defendants to respond has passed. LR 7.3(f)-(g). Plaintiff's motion is ripe for ruling. For the reasons stated herein, the court finds Plaintiff's motion should be granted.

To begin, by failing to respond, Defendants have conceded the merits of Plaintiff's motion. "The respondent, if opposing a motion, shall file a response, including brief, within 21 days after service of the motion . . . ." LR 7.3(f). "If a respondent fails to file a response within the time required by this rule, the motion will be considered and decided as an uncontested motion, and ordinarily will be granted without further notice." LR 7.3(k); see also Kinetic Concepts, Inc. v. Convatec Inc., No. 1:08CV00918, 2010 WL 1667285, at *7 (M.D.N.C. Apr. 23, 2010) ("Defendants' failure to file a 'brief' on this issue (in the manner required by Local Rule 7.3(f)) constitutes a concession within the terms of Local Rule 7.3(k)."). Plaintiff's motion should be granted based on Defendants' failure to respond at all, much less within 21 days.

"Although [the plaintiff's] motion to dismiss is unopposed and may ordinarily be granted on that basis, see LR 7.3(k)," courts normally "examine the motion on its merits to determine whether the pleadings are sufficient." See, e.g., McLaughlin v.

-4-

Nationstar Mortg. LLC, No. 1:18-CV-593, 2018 WL 4356754, at *2 (M.D.N.C. Sept. 12, 2018). This court finds that, even if Defendants had responded within the 21-day window, their counterclaim for fraud should be dismissed because: (1) it relies on a federal criminal statute without a private cause of action; and (2) it fails to comply with particularity requirements of Fed. R. Civ. P. 9(b).

First, Defendants' counterclaim is for "fraud" and cites "U.S. Code § 1341. Frauds and Swindles." (Doc. 11 at 6.) Defendants are apparently referencing 18 U.S.C. § 1341, because they cite the first portion of that provision in their counterclaim. (See id.) However, § 1341 has been widely held to not contain a private right of action. See Tribble v. Reedy, No. 89-6781, 1989 WL 126783 (4th Cir. 1989) (unpublished table decision) (finding no private cause of action under 18 U.S.C. §§ 1341 or 1343 because they are "bare criminal statute[s] which give[] no express indication of Congressional intent to create a civil remedy. The legislative history of the statute[s] does not provide any basis for inferring [] private right[s] of action." (internal quotation marks omitted)); Mazyck v. Robinson, C/A No. 1:20-2126-JFA-SVH, 2020 WL 3104697, at *2 (D.S.C. June 11, 2020) (finding no private cause of action based on 18 U.S.C. § 1341); Abdul-Sabur v. Wells Fargo Bank, N.A., Civil Action No. 7:19-CV-

674, 2020 WL 1670193, at *3 (W.D. Va. Feb. 10, 2020), report and recommendation adopted, Case No. 7:19-cv-674, 2020 WL 1665313 (W.D. Va. Apr. 3, 2020) (same); Smith v. Bank of Am., Action No. 2:14cv4, 2014 WL 12543910, at *2 (E.D. Va. May 5, 2014) (same); Lee v. McClellan, No. 3:97CV355-P, 1997 WL 882907, at *5 (W.D.N.C. Nov. 18, 1997), aff'd, 153 F.3d 720 (4th Cir. 1998) ("The criminal statutes cited by Plaintiffs, 18 U.S.C. §§ 1201, 1341, and 1344, expressly provide for criminal penalties, and no private cause of action exists under them."); see also Wisdom v. First Midwest Bank, of Poplar Bluff, 167 F.3d 402, 409 (8th Cir. 1999); Ryan v. Ohio Edison Co., 611 F.2d 1170, 1178 (6th Cir. 1979) ("[N]o court has interpreted the statute to imply a civil remedy under this statute. Several courts have decided that no private right existed under the Mail Fraud Statute."); Bell v. Health-Mor, Inc., 549 F.2d 342, 346 (5th Cir. 1977)); Rizvi v. Urstadt Biddle Props. Inc., 791 F. App'x 282, 283 (2d Cir. 2020); Wilson v. Delta Airlines, 731 F. App'x 90, 91 (3d Cir.), cert. denied, ____ U.S. ____, 139 S. Ct. 256 (2018). To the extent Defendants allege a private cause of action under 18 U.S.C. § 1341, that claim fails as a matter of law.[1]

---

[1] To the extent Defendants were attempting to allege mail fraud as part of a Civil RICO action under 18 U.S.C. § 1962(c), see Slay's Restoration, LLC v. Wright Nat'l Flood Ins. Co., 884
(Footnote continued)

Second, to the extent that Defendants allege a claim for common law fraud under North Carolina law,[2] such a claim also fails to comply with Fed. R. Civ. P. 9(b). "As multiple district courts in this circuit have noted, [the] federal pleading standards are procedural, not substantive, rules, and therefore govern state law claims raised in a diversity case." Fuller v. Aliff, 990 F. Supp. 2d 576, 580 (E.D. Va. 2013); Topshelf Mgmt., Inc. v. Campbell-Ewald Co., 117 F. Supp. 3d 722, 726 (M.D.N.C. 2015) ("There is no debate that [Rule 9(b)'s] heightened pleading applies to [a North Carolina] fraud claim."); see also Hatfill v. New York Times Co., 416 F.3d 320, 337 (4th Cir. 2005) (applying Fed. R. Civ. P. 8(a) to state law claim); Jackson v. Mecklenburg Cnty., Civil Action No. 3:07-CV-218, 2008 WL 2982468, at *2 (W.D.N.C. July 30, 2008) ("North Carolina

---

F.3d 489, 492 (4th Cir. 2018), this court finds that such a claim is not alleged with the specificity required by Fed. R. Civ. P 9(b). Further, such a liberal construction of Defendants' pleading would exceed what was expressly pleaded: a standalone violation of 18 U.S.C. § 1341. Defendants cited 18 U.S.C. § 1341 and quoted its opening provisions. Defendants' pleading forecloses such a liberal interpretation.

[2] Again, such a liberal construction is, to put it mildly, stretching Defendants' own pleadings. See supra, note 1. Defendants cited a specific provision of Title 18 of the United States Code and then quoted part of its provision. Defendants tied their counterclaim to 18 U.S.C. § 1341. However, without a response from Defendants, the court addresses the liberal construction that Defendants were attempting to allege a claim for common law fraud under North Carolina law.

-7-

substantive law applies to the elements of Plaintiffs' state law claims but the Federal Rules of Civil Procedure govern procedural law and North Carolina 'pleading requirements, so far as they are concerned with the degree of detail to be alleged, are irrelevant in federal court even as to claims arising under state law.'" (quoting Andresen v. Diorio, 349 F.3d 8, 17 (1st Cir. 2003))).

"In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). "Rule 9(b) refers to 'alleging fraud,' not to causes of action or elements of fraud. When a plaintiff makes an allegation that has the substance of fraud, therefore, he cannot escape the requirements of Rule 9(b) by adding a superficial label . . . ." Cozzarelli v. Inspire Pharms. Inc., 549 F.3d 618, 629 (4th Cir. 2008). To comply with Rule 9(b), a claimant must allege with particularity "the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." Harrison v. Westinghouse Savannah River Co., 176 F.3d 776, 784 (4th Cir. 1999).

Defendants have failed to allege any fraudulent scheme with particularity. Defendants do not name the person who made the

allegedly false representation, nor do Defendants allege for whom the "insurance agent" worked. (Doc. 11 at 6.) Defendants do not allege any time, much less a particular time when these allegedly fraudulent acts took place. Though the contents of the alleged misrepresentation are broadly alleged, there is no specificity about the details of the policy other than that "ARS" was included as a "subsidiary of Casey's Towing." (Id.) Defendants also do not allege a place where these alleged misrepresentations occurred.

Finally, Defendants do not allege what was obtained as a result of the alleged fraud or how they relied on the alleged misrepresentations made by the insurance agent to obtain it.

> In North Carolina, a fraud claim is fatally defective unless it alleges detrimental reliance, and damages proximately flowing from such reliance, with particularity. Frank M. McDermott, Ltd. v. Moretz, 898 F.2d 418, 421 (4th Cir. 1990). The Fourth Circuit has held that "[r]easonable, detrimental reliance upon a misrepresentation is an essential element of a cause of action for fraud . . . and such reliance must be pled with particularity." Learning Works, Inc. v. The Learning Annex, Inc., 830 F.2d 541, 542 (4th Cir. 1987) (citing Call Carl, Inc. v. BP Oil Corp., 554 F.2d 623, 629 (4th Cir.1977), and Rule 9(b)).

Food Lion, LLC v. Schuster Mktg. Corp., 382 F. Supp. 2d 793, 798 (E.D.N.C. 2005).

Defendants allege the following:

> When ARS was having difficulty finding coverage, the agent wrote a policy to insure ARS as a subsidiary of Casey's Towing. There is no evidence that

-9-

representatives from Casey's Towing were aware of the change.

(Doc. 11 at 6.) Defendants allege that Casey's Auto was never aware of the change to the policy listing ARS as a subsidiary, so Casey's Auto could not, according to Defendants' own allegations, have relied on the allegedly fraudulent acts. Casey's Auto could, therefore, not have obtained anything by relying on the alleged fraud. As to ARS, the allegations suggest that Defendant ARS was actually involved in the alleged fraud in an effort to obtain coverage, yet Defendants bring the counterclaim together and against Plaintiff. Defendants' fraud allegations are unclear and fall well short of the particularity requirements imposed by Fed. R. Civ. P. 9(b).[3]

In sum, the court finds that Plaintiff's motion to dismiss Defendants' counterclaim should be granted. Defendants have failed to respond to Plaintiff's motion to dismiss the counterclaim, Defendants allege a cause of action under a federal criminal statute without a private cause of action, and

---

[3] Plaintiff points out that Defendants deny that they were separate business entities while simultaneously claiming that the insurance policy was fraudulent because it listed ARS as a subsidiary of Casey's Auto. (Compare Doc. 1 ¶ 16, with Doc. 11 at 6.) Defendants' contradictory pleadings add further obfuscation to the alleged fraudulent scheme and eviscerate any particularity in their counterclaim pleading.

-10-

Defendants fail to allege their counterclaim for fraud with the particularity required by Fed. R. Civ. P. 9(b).

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Dismiss Defendants' Counterclaim, (Doc. 12), is **GRANTED** and that this case is **DISMISSED WITH PREJUDICE.**

A judgment reflecting this Memorandum Opinion and Order will be entered contemporaneously herewith.

This the 21st day of September, 2020.

/s/ William L. Osteen, Jr.
United States District Judge